IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2005

## KEVIN WHITE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 248749     Douglas A. Meyer, Judge**

---

**No. E2004-02986-CCA-R3-PC - Filed August 12, 2005**

---

The petitioner, Kevin White, appeals the trial court's denial of post-conviction relief. In this appeal as of right, the petitioner presents one issue for review: whether the trial court erred in refusing to exclude his trial counsel from the courtroom during his testimony at the post-conviction hearing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and DAVID H. WELLES, J., joined.

Charles G. Wright, Jr., Chattanooga, Tennessee, for the appellant, Kevin White.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William H. Cox, III, District Attorney General; Lila Statom and Rodney C. Strong, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural Background

On March 18, 2004, the petitioner filed a *pro se* petition for post-conviction relief, averring that his convictions[1] were based upon an involuntary plea and that he received the ineffective assistance of counsel. On April 7, 2004, the petitioner submitted an amended petition for post-conviction relief which briefly repeated the issues and requested the trial court to appoint appellate counsel. Subsequently, the trial court appointed counsel and a post-conviction hearing was held on November 11, and 23, 2004.

---

[1] On January 14, 2003, the petitioner pled guilty to aggravated burglary, domestic aggravated assault, and introduction of contraband into a penal institution.

At the beginning of the post-conviction hearing, the petitioner's post-conviction counsel requested to have the petitioner's trial counsel excluded from the courtroom during the petitioner's testimony. The following colloquy occurred:

| | |
|---|---|
| [Post-conviction counsel] | [Trial counsel] doesn't need to be here for my client's testimony. |
| [The court] | No - - yeah, he does. |
| [Post-conviction counsel] | In fact, I'm going to call for the rule if - - |
| [The court] | No, he'd have to be in the courtroom so that if he, your client says anything about him, then he's gotta be able to answer it, so he'd have to be - - |
| [Post-conviction counsel] | He's gotta be what? |
| [The court] | [Trial counsel] |
| [Post-conviction counsel] | [Trial counsel] is a witness, he's not a party. |
| [Prosecutor] | But he has a right to be here to hear the testimony against him to respond to it. |
| [The court] | Yeah. |
| [Post-conviction counsel] | I don't agree with that. |
| [The court] | Yeah, you're alleging ineffective assistance of counsel so he's gotta hear what the allegations are. |

. . . .

| | |
|---|---|
| [Post-conviction counsel] | I would call for the rule of sequestration. |
| [The court] | No, we're not going to put [trial counsel] out, because he's gotta be able to hear what your client alleges. |

At the conclusion of the hearing, the trial court denied post-conviction relief, finding no clear and convincing evidence that the petitioner's pleas were involuntary or that his trial counsel was ineffective.

## Analysis

On appeal, the petitioner has presented the single issue of whether the post-conviction court erred by not excluding his trial counsel from the courtroom during his testimony.[2]

Rule 615 provides that "[a]t the request of a party the court shall order witnesses, including rebuttal witnesses, excluded at trial or other adjudicatory hearing." Tenn. R. Evid. 615. "The purpose of the rule is to prevent one witness from hearing the testimony of another and adjusting his testimony accordingly." State v. Harris, 839 S.W.2d 54, 68(Tenn. 1992). Rule 615 does not provide for the exclusion of "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Tenn. R. Evid. 615. This Court has previously stated, "Given the special circumstances which arise in a post-conviction proceeding in which a petitioner claims that his trial attorney was ineffective, it is entirely reasonable to conclude that the trial attorney's presence would be essential for the presentation of the state's case." State v. Jerome Brown, No. 03C01-9107-CR-00201, 1992 WL 259357, at *7 (Tenn. Crim. App., at Knoxville, Oct. 7, 1992), perm. app. denied (Tenn. Dec. 28, 1992). Our case law is replete with additional examples of the adjudication of this issue. See, e.g., Palmer v. State, 108 S.W.3d 887, 898 (Tenn. Crim. App. 2002) ("We conclude that the post-conviction court did not abuse its discretion in allowing trial counsel to remain in the courtroom during the Petitioner's testimony."); Releford, 2005 WL 697524, at *4 ("We conclude that the post-conviction court did not abuse its discretion by allowing trial counsel to remain in the courtroom."); Norman Matthews v. State, No.W2001-02895-CCA-R3-PC, 2002 WL 31370470, at *2 (Tenn. Crim. App., at Jackson, Oct. 18, 2002) ("We conclude that the post-conviction court did not abuse its discretion by refusing to exclude the trial attorney from the hearing."); El Paso Pitts v. State, No.W2001-01563-CCA-R3-PC, 2002 WL 818252, at *4 (Tenn. Crim. App., at Jackson, Apr. 17, 2002) ("The trial court did not abuse its discretion in excluding the trial attorney from the operation of The Rule.").

Based on the foregoing, we cannot conclude that the trial court abused its discretion by allowing the petitioner's trial counsel to remain in the courtroom during the petitioner's testimony. Furthermore, even if the trial court's ruling qualified as an abuse of discretion, the petitioner has failed to articulate any prejudice. We specifically reject the petitioner's argument that "[h]ad the trial

---

[2] Generally, post-conviction relief is only available upon a showing that a conviction or sentence is void or voidable due to the abridgement of a state or federal constitutional right. Tenn. Code. Ann. § 40-30-103. The petitioner's argument concerning the rule of sequestration does not involve a constitutional right, but rather, the application of a rule of evidence. However, the post-conviction hearing arose from the petitioner's claim of abridgement of two constitutional rights, ineffective assistance of counsel and that he involuntarily pled guilty. Thus, "we nonetheless review [the evidentiary issue] to determine whether failure to recognize this right frustrated the [defendant's] presentation of a guaranteed constitutional right." Frankie Donald Releford v. State, No. E2004-00695-CCA-R3-PC, 2005 WL 697524, at *3 n.3 (Tenn. Crim. App., at Knoxville, March 28, 2005).

attorney not been present during [the petitioner's] testimony his testimony might have been entirely different . . . ." Regardless of the presence of trial counsel, the petitioner was under oath to testify truthfully. This issue has no merit.

## Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE